IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

AARON GBOTOE,

    Petitioner,

v.

DAVID W. JENNINGS, in his official capacity, Field Office Director of San Francisco Field Office, U.S. Immigration and Customs Enforcement; THOMAS D. HOMAN, Acting Director of U.S. Immigration and Customs Enforcement; KIRSTJEN M. NIELSEN, Secretary of Department of Homeland Security; MATTHEW WHITAKER, Acting Attorney General, U.S. Department of Justice,

    Respondents.

No. C 17-06819 WHA

**ORDER RE MOTION FOR ATTORNEY'S FEES**

## INTRODUCTION

In this habeas action, petitioner moves for an award of attorney's fees under the Equal Access to Justice Act. Respondents oppose. For the reasons herein, petitioner's motion is **GRANTED IN PART AND DENIED IN PART**.

## STATEMENT

The background of this action is found in a prior order (Dkt. No. 16). In brief, petitioner Aaron Gbotoe, a Liberian immigrant, came to the United States as a refugee more than sixteen years ago. In 2009, Gbotoe was convicted of stealing a cell phone, after which an immigration judge denied his application for asylum and ordered him removed from the United States. The

government, however, released Gbotoe from immigration custody and instructed him to periodically report to ICE (Dkt. No. 1 ¶¶ 13–17).

In June 2017, ICE attempted to deport Gbotoe, but Gbotoe's *pro bono* counsel filed a four-page emergency motion to reopen his asylum and withholding of removal case based upon changed conditions in Liberia. In that same brief, Gbotoe's counsel moved for a stay of removal while the motion to reopen was pending and for leave to supplement the motion to reopen with additional evidence. The immigration judge granted Gbotoe's motion for a stay as well as his motion to supplement the motion to reopen. In September 2017, Gbotoe's attorney filed an amended motion to reopen with substantial additional evidence related to increased danger due to changed conditions in Liberia. Three days later, the immigration judge issued an order denying his motion. That order referred only to Gbotoe's original motion to reopen, not the amended motion to reopen. A little more than a month after rendering his first decision, the immigration judge issued a second order denying what the judgment referred to as Gbotoe's "2nd Motion to Reopen," incorrectly construing the amended petition and supporting evidence as a *second, successive* petition to reopen (Dkt. Nos. 1, 4).

Gbotoe appealed the immigration judge's decision to the BIA and requested the BIA stay his deportation while the appeal was pending. On November 27, without ruling on his motion to reopen, the BIA denied Gbotoe's motion for a stay. The order stated in full (Dkt. No. 4-2 at 89):

> Counsel for the respondent has applied for a stay of removal pending consideration by the Board of Immigration Appeals of an appeal of the Immigration Judge's denial of a motion to reopen. After consideration of all information, there is little likelihood that the appeal will be sustained. Accordingly, the request for a stay of removal is denied.

On November 28, the day after his stay was denied, ICE informed Gbotoe that he would be deported to Liberia that evening. That same day, Gbotoe filed a habeas petition and motion for a temporary restraining order. The Court stayed the removal to allow time for briefing. An order dated December 6, 2017, granted Gbotoe's motion for a preliminary injunction and enjoined respondents from removing him from the United States until seven calendar days after the BIA decided Gbotoe's appeal of his motion to reopen (Dkt. Nos. 1–2, 7, 16).

2

Respondents timely filed a notice of appeal of the December 6 order but sought two extensions of time to file their opening brief pending the Office of the Solicitor General's approval to pursue the appeal. Meanwhile, the BIA remanded Gbotoe's case to the immigration judge, agreeing that the immigration judge had failed to consider the materials submitted with Gbotoe's supplemental filing. The BIA accordingly ordered the immigration judge to reconsider the motion to reopen based on the merits and the evidence of record, including the country conditions documents which had been included in Gbotoe's supplemental filing. In May 2018, the immigration judge granted Gbotoe's motion to reopen. Gbotoe's proceedings in immigration court remain ongoing (Dkt. Nos. 17, 23-2).

The parties filed a stipulation to dismiss the appeal on May 31, which our court of appeals granted on June 6. Gbotoe now moves to recover attorney's fees under the Equal Access to Justice Act (Dkt. Nos. 22–23). This order follows full briefing and oral argument.

**ANALYSIS**

Under the EAJA, prevailing plaintiffs are entitled to recover their attorney's fees and costs unless the government's position was substantially justified, special circumstances would make an award unjust, or the application for fees was not timely filed. 28 U.S.C. § 2412(d). Once a court finds that a party is entitled to attorney's fees, it must then determine a reasonable fee. The parties agree that Gbotoe is the prevailing party. They disagree, however, as to (1) whether or not his fee application is timely, (2) whether or not the government's position was substantially justified, and (3) the reasonableness of the requested fee.

1.  **TIMELINESS.**

Under Section 2412(d)(1)(B), the prevailing party must submit an application for attorney's fees within 30 days of final judgment. A "final judgment" is a judgment which is "final and not appealable." 28 U.S.C. § 2412(d)(2)(G). Our court of appeals has interpreted this to mean "the date on which a party's case has met its final demise, such that there is no longer any possibility that the district court's judgment is open to attack." *Al-Harbi v. I.N.S.*, 284 F.3d 1080, 1084 (9th Cir. 2002) (citation omitted). "Where there is a potential for either party to appeal a particular type of judgment under the relevant statute that designates the time

to appeal, there is a '*possibility* that the district court's judgment is open to attack' during the period provided for in the statute." *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 610 (9th Cir. 2007) (citation omitted).

Our court of appeals has not had occasion to apply the above principles where, as here, the government has voluntarily dismissed its appeal. Generally speaking, however, "[t]he thirty-day deadline to file an application for attorney's fees under EAJA does not begin to run until after the ninety-day period during which a party may seek a writ of certiorari from the United States Supreme Court." *Li v. Keisler*, 505 F.3d 913, 916–17 (9th Cir. 2007) (citing 28 U.S.C. § 2412(d)(1)(B)). This "post-judgment appeal period applies for purposes of EAJA even if entry of the judgment was made pursuant to the government's request." *Ibid.* (citing *Hoa Hong Van*, 483 F.3d at 612).

In the undersigned judge's view, allowing Gbotoe to benefit from the ninety-day post-judgment appeal period stretches the EAJA's timeliness requirement nearly to its breaking point. Once the government dismissed its own appeal, it would have been topsy-turvy to expect anyone in the case to petition for certiorari. Nevertheless, *Li* and *Hao Hong Van* are binding authority and, this order concludes, determinative in the instant case. Pursuant to those decisions, our court of appeal's June 6 order granting the parties' requested dismissal did not became "final and not appealable" for purposes of the EAJA until September 4. Petitioner filed the instant application twenty-nine days later. The application must therefore be deemed timely.

**2. NO SUBSTANTIAL JUSTIFICATION.**

"For purposes of EAJA, 'the position of the United States' includes the decisions of the IJ and the BIA, as well as the litigation position of the Department of Homeland Security.'" *Li*, 505 F.3d at 918 (quoting 28 U.S.C. § 2412(d)(2)(D)). The government must therefore show that all of these positions were substantially justified in order to avoid an award of EAJA fees. *Ibid.* (citation omitted). The "substantially justified" standard is met when "reasonable people could differ as to the appropriateness of the contested action." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

4

Respondents argue that their litigation position was substantially justified because, although the December 6 order concluded that the district court had habeas jurisdiction to review the BIA's denial of Gbotoe's motion for a stay, courts in this district are split on the issue. To be sure, the jurisdictional issue implicated by Gbotoe's petition was (and remains) far from settled. But in order to avoid attorney's fees under the EAJA, "the government must establish that it was substantially justified on the whole." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1259 (9th Cir. 2001). While reasonable people could differ as to the appropriateness of respondents' jurisdictional argument, respondents make no efforts to justify the underlying conduct challenged in Gbotoe's habeas petition — the BIA's conclusory denial of his motion to stay.

As explained in the December 6 order granting provisional relief, it appeared that the immigration judge had not considered any of the supplemental evidence submitted with Gbotoe's amended motion to reopen. Even more significantly, little more than a month after rendering his decision, the immigration judge issued a *second* order denying Gbotoe's motion to reopen. That order referred to Gbotoe's "2nd Motion to Reopen" and denied it on the grounds that the immigration judge did not have jurisdiction to hear a second motion. But there was no second motion. There was only an amended motion that had a follow-on supplement as had been approved by the immigration judge. The immigration judge had construed the materials submitted in support of the changed country conditions as a second motion to reopen, and on that basis declined to review them. This unfortunate turn of events meant that the majority of the evidence Gbotoe submitted had not been reviewed.

Gbotoe raised this snafu to the BIA, specifically explaining that "the Immigration Judge treated the supplemental motion to reopen, which he granted leave to file, as a new and separate motion," and further explaining that Gbotoe had submitted substantial evidence of changed conditions in Liberia which made it likely that he would be imprisoned, persecuted and tortured were he to return. Nothing in the BIA's decision on Gbotoe's motion to stay showed that the BIA considered this argument, and respondents here make no attempt to argue that the *BIA*, as opposed to the *immigration judge*, was substantially justified in its decision. Rather, all

5

acknowledge that the immigration judge mistakenly treated Gbotoe's supplemental submission as a second motion, therefore failing to consider his timely-submitted evidence. To be sure, the hard-working immigration judge's error may have been reasonable given ambiguously-titled supplemental submission. Even with respect to the BIA's decisions, however, "[t]he government has the burden of demonstrating that its position was substantially justified." *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988). Viewed as a whole, respondents have not shown a reasonable basis for their position.

### 3. REASONABLE ATTORNEY'S FEES.

In establishing the reasonableness of fees and expenses under the EAJA, it is Gbotoe's burden to document "the appropriate hours expended in the litigation by submitting evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992). The appropriate number of hours includes all time "reasonably expended in pursuit of the ultimate result achieved, in the same manner that an attorney traditionally is compensated by a fee-paying client for all time reasonably expended on a matter." *Hensley v. Eckerhart*, 461 U.S. 424, 431 (1983).

Gbotoe seeks compensation of $196.79 per hour for 50.4 hours of work by his attorneys, Etan Newman, Jehan Laner, and Juan Camilo Mendez Guzman in the district court proceedings, in addition to compensation for hours spent on the instant fee application. He also seeks $200.78 per hour for 75.8 hours of work by these same attorneys and two additional counsel — Micah Chavin and Benjamin Farkas — who joined the litigation to assist in the appeal.

*First*, the fees requested in connection with the appellate proceedings are excessive. Given that the government never filed an opening brief because it had yet to receive approval from the Office of the Solicitor General to pursue the appeal, it was not reasonable for counsel to expend 75.8 hours of work. 67.7 of these hours were expended by pro bono counsel from O'Melveny & Myers, which included time spent reviewing background material and documents from the district court proceedings. This work is not compensable. As to the work by Attorneys Newman, Laner, and Mendez Guzman, this order agrees with respondents that a reduction of 20%, or $325.26, is appropriate.

6

*Second*, with respect to work performed in the district court, the government argues that a 30% reduction is appropriate on the grounds that work by multiple attorneys was duplicative. Specifically, the government notes that counsel billed 15.6 hours on November 28, followed by 20 hours on November 29. But this argument ignores that on November 28 counsel learned for the first time that Gbotoe would be deported that very day, prompting counsel to draft and file a habeas petition and TRO application by that same evening. Moreover, a hearing on Gbotoe's TRO occurred the following day, followed by requests for supplemental briefing on an extremely short deadline. In light of these events, the hours spent by counsel during this period were reasonable. Nevertheless, the undersigned judge shares respondents' concern regarding the inevitable duplication of efforts caused by the involvement of three attorneys. A 10% reduction of fees is appropriate to ameliorate this concern.

Based on the foregoing discussion, this order finds that Gbotoe is entitled to reimbursement for 71.37 hours in fees. A prevailing party may recover his or her reasonable fees and expenses, but cannot claim attorney's fees "in excess of $125 per hour unless the court determines an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Here, Gbotoe seeks an award of attorney's fees calculated at a rate adjusted to account for an increase in the cost-of-living. The 2017 EAJA adjusted rate is $196.79 per hour and the 2018 rate is $200.78 per hour. Respondents do not dispute this adjustment. Multiplying the hourly rate ($196.76 and $200.78) by the total number of hours reasonably billed (45.36 hours in 2017 and 26.01 hours in 2018), Gbotoe is entitled to $14,147.32 in attorney's fees, amounting to 48% of his requested fee.

## CONCLUSION

For the foregoing reasons, Gbotoe's request for attorney's fees under EAJA is **GRANTED IN PART AND DENIED IN PART**. Gbotoe is entitled to recover reasonable attorney's fees in the amount of $14,147.32.

**IT IS SO ORDERED.**

Dated: November 14, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

7